IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ANDREW A. ROMERO,

      Appellant,

v.

REEMPLOYMENT
ASSISTANCE APPEALS
COMMISSION and FEDEX
GROUND PACKAGE SYSTEM,
INC.,

      Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-2160

_____/

Opinion filed December 13, 2017.

An appeal from an order of the Reemployment Assistance Appeals Commission.

Andrew A. Romero, pro se, Appellant.

Norman A. Blessing, General Counsel, and Cristina A. Velez, Appellate Counsel, Tallahassee for Appellee Reemployment Assistance Appeals Commission.

PER CURIAM.

      Andrew A. Romero appeals from a final order of the Reemployment

Assistance Appeals Commission that disqualified him from unemployment benefits

for having made fraudulent representations for the purpose of obtaining benefits, established the amount of benefits he was overpaid, and assessed a fifteen percent fraud penalty to the amount of overpayment. Despite Romero's arguments to the contrary, there is competent, substantial evidence in the record demonstrating that Romero fraudulently collected several months of benefits to which he was not entitled. However, as the Commission properly concedes, the record does not establish that Romero made fraudulent representations prior to the benefit week ending in June 20, 2015, even though he was overpaid for that time period because he had unreported earnings that rendered him eligible for only partial benefits. *See* § 443.036(44)(a), Fla. Stat. (2017) (one is "partially unemployed" in any week he or she works less than full time and earns less than his or her weekly benefit amount); § 443.111(4)(b), Fla. Stat. (2017) (describing calculation for determining partial benefit payable to an individual who is partially unemployed in any week). Accordingly, we vacate the Commission's order to the extent that it imposed the fifteen percent fraud penalty for the weeks prior to the benefit week ending June 20, 2015, and remand for the adjustment of Romero's overpayment for those weeks based on his entitlement to partial benefits. In all other respects, we affirm.

AFFIRMED in part, REVERSED in part, and REMANDED.

WETHERELL, RAY, and WINOKUR, JJ., CONCUR.

2